IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY as subrogee of LAB MEDICAL MANUFACTURING, INC.,** | Case No. 19-cv-03895 |
| Plaintiff, | Judge Mary M. Rowland |
| v. | |
| **MARUBENI CITIZEN-CINCOM, INC., a New Jersey Corporation,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Great American Insurance Company ("Great American"), acting as subrogee of its insured, Lab Medical Manufacturing, Inc. ("Lab Medical") brings suit against Marubeni Citizen-Cincom, Inc. ("Marubeni") on claims of breach of implied and express warranties and product liability under Illinois law. Before this Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) [11] and motion for sanctions under Rule 11 [20]. For the following reasons, Defendant's 12(b)(2) motion is granted and Defendant's motion for sanctions is denied.

## BACKGROUND

Lab Medical is a medical device manufacturing company incorporated in Massachusetts with its principal place of business in Billerica, Massachusetts. (Dkt. 1 at ¶3). Lab Medical's property is insured by Plaintiff Great American, a provider of business property insurance. (*Id.* at ¶4). On February 5, 2018, Lab Medical purchased

1

a Marubeni Citizen-Cincom L20 lathe manufactured by Defendant Marubeni. (*Id.* at ¶6). Marubeni is a New Jersey corporation with its principal place of business in Allendale, New Jersey. (*Id.* at ¶5). Marbueni also has sales/services offices in California, Massachusetts, and Illinois. (*Id.*); (Dkt. 16 at 3). On May 18, 2018, the Marubeni lathe caught fire, damaging the lathe and Lab Medical's business property. (*Id.* at 9). Due to this damage, Lab Medical submitted a claim to Great American requesting payment for the damages incurred. (*Id.* at ¶12). Great American paid Lab Medical for its losses in the amount of $260,733.00 and now seeks to recover these costs from Marubeni as a subrogee, arguing that the lathe was defective and that Marubeni breached implied and express warranties. (*Id.* at ¶¶13; 15-48). At present, Marubeni seeks dismissal of Great American's complaint on grounds that this Court lack personal jurisdiction.

## **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. When deciding a Rule 12(b)(2) motion plaintiff has the burden of making a *prima facie* showing of personal jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). At this stage, all well-pleaded facts alleged in the complaint are taken as true and any factual disputes are resolved in Plaintiff's favor. *Id.* at 783.

A federal court with diversity jurisdiction "must apply the personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). Illinois courts may exercise personal jurisdiction over

2

a defendant "on any [ ] basis permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). While both the state and federal constitutional requirements must be satisfied, the Seventh Circuit has been "unable to discern an operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," such that, the inquiry is often collapsed into an analysis of federal due process. *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756-57 (7th Cir. 2010) (internal quotations omitted); *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019).

## ANALYSIS

Consistent with the limitations of due process, the Court may exercise personal jurisdiction on either of two bases: general or specific personal jurisdiction. Great American argues that this Court has both general and specific personal jurisdiction over Marubeni.

### I. General Personal Jurisdiction

General jurisdiction is "all-purpose" jurisdiction and exists where a defendant is "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 122, (2014). "For corporations, such places include the state of incorporation and the state of the principal place of business." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). Marubeni argues that because it is neither incorporated in nor maintains its principal place of business in Illinois, this Court lack general personal jurisdiction over it. Plaintiff contends,

3

however, that Marubeni's sales/services office in Illinois is sufficient to support a finding of general personal jurisdiction. The Court disagrees.

Citing to a statement on Marubeni's website that its "four offices are responsible for supporting an exclusive network of distributors located throughout the United States, Canada, Mexico and Central America," Great American asserts that "each of these offices is an integral part of Marubeni's United States operation" such that Marubeni should be subject to personal jurisdiction in the state of each of its offices. (Dkt. 16 at 4-5). But this logic was expressly rejected by the Supreme Court in *Daimler*: "[a] corporation that operates in many places can scarcely be deemed at home in all of them." 571 U.S. at fn. 20. While the *Daimler* Court acknowledged "the possibility that in an exceptional case … a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State[,]" Great American fails to establish that this is one such "exceptional case." *Id.* at fn.19. The complaint, as well as Great American's brief opposing the present motion, are devoid of information regarding the volume or significance of the business conducted by Marubeni's Illinois office, apart from the conclusory (and unsupported) assertion that each of Marubeni's offices is "integral".

In *BNSF Railway Co. v. Tyrell*, the Supreme Court held that Montana lacked general personal jurisdiction over a railroad company that maintained 2,061 miles of track in Montana and operated an automotive facility in Montana that employed 2,100 individuals. 137 S. Ct. 1549 (2017). Similarly, in *Guaranteed Rate, Inc. v. Conn*,

4

this Court, relying on *BNSF Railway*'s holding, concluded that Illinois lacked general personal jurisdiction over a company that (1) was registered to do business in Illinois; (2) held an Illinois Residential Mortgage License; (3) originated over $215 million in loans in Illinois; (4) operated at least thirteen branches in Illinois; and (5) employed dozens of individuals at these branches. 264 F. Supp. 3d 909, 915-16 (N.D. Ill. 2017) ("If the maintenance of 2,000 miles of railroad track and employment of more than 2,000 workers in the forum state cannot establish general jurisdiction as the Supreme Court held in *BNSF Railway*, then the business allegedly conducted by [defendant] in Illinois in this case cannot either.") *BNSF Railway* and *Guaranteed Rate* make clear that the *Daimler* exception cannot apply to the present case where Plaintiff's only showing of a connection to Illinois is the existence of *one* corporate office. Thus, this Court lacks general personal jurisdiction over Marubeni.

## II. Specific Personal Jurisdiction

"[S]pecific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). While it is undisputed that Marubeni conducted business in Illinois, the parties dispute whether Great American has adequately alleged that its injury arises out of Marubeni's business in Illinois.

5

Paragraph two of Great American's complaint alleges that "a substantial part of the events or omissions giving rise to this claim occurred in this District, in that, the Defendant transacts business, manufactures and designs within this District." (Dkt. 1 at ¶2). But the complaint does not allege, and Plaintiff does not present evidence suggesting that the subject lathe, which exploded in Massachusetts, was manufactured, designed, or sold by Marubeni's Illinois office.[1] Thus, because Great American does not establish a connection between its injury and Marubeni's business in Illinois, this Court also lacks specific jurisdiction. Defendant's motion to dismiss is granted.

### III.    Rule 11 Sanctions

Marubeni requests sanctions under Federal Rule of Civil Procedure 11 on grounds that Plaintiff had no factual or legal basis to assert personal jurisdiction. The Court, as an exercise of discretion, declines to impose Rule 11 sanctions. It is well-settled that the decision to imposed Rule 11 "sanctions is left to the discretion of the trial court in light of the available evidence" *Divane v. Krull Elec. Co., Inc.,* 200 F.3d 1020, 1025; 1028 (7th Cir.1999). Furthermore, to justify the imposition of sanctions, the movant must satisfy the "high burden of showing that Rule 11 sanctions are warranted." *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 860 (N.D. Ill. 2015*); see also Bilharz v. First Interstate Bank of Wis.*, 98 F.3d 985, 989 (7th Cir.1996)

---

[1] Great American argues that because Marubeni "identifies the Illinois location as a 'service' center, this implicitly suggests that warranty, product design, and testing are conducted at the Illinois location." (Dkt. 16 at 5). But this overlooks the fact that Marubeni refers to *each* of its offices as a service center. (*See id*. at 3).

6

(affirming summary judgment but reversing Rule 11 sanctions because "although [plaintiff's] arguments were undoubtedly weak, we cannot say that [plaintiff's] claims were so devoid of factual support that sanctions were appropriate"). Though clearly mistaken, the Court does not believe that Plaintiff alleged personal jurisdiction in bad faith so as to warrant Rule 11 sanctions.

## CONCLUSION

For the foregoing reasons, Defendants' 12(b)(2) motion for lack of personal jurisdiction is granted without prejudice. Defendants' motion for sanctions is denied.

E N T E R:

Dated: June 9, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge